**YANG GUANG LIN, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 06–5441–ag.

United States Court of Appeals, Second Circuit.

Feb. 26, 2008.

Gang Zhou, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; M. Jocelyn, Lopez Wright, Assistant Director; Brianne Whelan, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yang Guang Lin, a native and citizen of the People's Republic of China, seeks review of a November 2, 2006 order of the BIA affirming the October 23, 2001 decision of Immigration Judge ("IJ") Sandy Hom denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yang Guang Lin a.k.a. Ren Qin Zheng a.k.a. Li Ji Wu*, No. A 77 341 456 (B.I.A. Nov. 2, 2006), *aff'g* No. A 77 341 456 (Immig. Ct. N.Y. City Oct. 23, 2001). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ Assuming that Lin was credible, he is not entitled to asylum based on his wife's forced abortion. *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d

Cir.2007) (en banc). Moreover, the record supports the IJ's finding that Lin was ineligible for relief because he failed to demonstrate that he was persecuted for his own other resistance to a coercive population control program. In *Shi Liang Lin,* the Court concluded that the statutory scheme under IIRIRA § 601(a) "unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." 494 F.3d at 308.

Here, Lin asserts that his wife suffered a forced abortion and contends that going into hiding to protect his wife's pregnancy amounted to "resistance" to China's coercive population control program. The BIA has stated that the term "resistance" includes, but is not limited to, "expressions of general opposition, attempts to interfere with enforcement of government policy . . . . and other overt forms of resistance of the family planning law." *Matter of S–L–L,* 24 I. & N. Dec. 1, 10 (BIA 2006). But even if hiding was considered an attempt to "interfere with enforcement of government policy," Lin failed to establish that any consequences of his actions rose to the level of persecution. *See id.* at 10. Although Lin claimed that Chinese officials "damaged" his house while he was away and imposed a 3,000 RMB fine, he did not specify the extent of the damage to his home, nor was he held accountable for the fine, which his uncle paid. *See Matter of T–Z–,* 24 I. & N. Dec. 163, 169 (BIA 2007) (indicating that the threat of economic harm might in some instances amount to persecution). Further, Lin denied ever being arrested or detained in China. Thus, the agency properly found that Lin failed to demonstrate past persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (holding that to constitute persecution, the harm must rise above "mere harassment"); *see*

*also Matter of Acosta,* 19 I. & N. Dec. 211, 216, 222 (BIA 1985) (defining persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive," inflicted by the government of a country or by persons or an organization that the government is unable or unwilling to control). For that reason, Lin failed to establish a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1).

Further, although Lin contends that he has a well-founded fear of persecution in China based on "prior resistance" to the enforcement of China's coercive population control program, he did not raise that issue in his brief to the BIA. Because Lin failed to exhaust his administrative remedies with respect to his claim of a well-founded fear of persecution, we decline to review that issue. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22, 124 (2d Cir.2007) (holding that issue exhaustion is mandatory, even if not a jurisdictional requirement). In any event, Lin has failed to articulate the harm he fears will amount to persecution if he returns to China. The agency, therefore, appropriately found that Lin did not establish eligibility for asylum.

Because Lin has not sufficiently challenged before this Court the agency's denial of his applications for withholding of removal and relief under the CAT, and because addressing those claims does not appear to be necessary to avoid manifest injustice, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

▮ Finally, we find unavailing Lin's due process challenge to the agency's finding that he was removable for having presented a fraudulent U.S. passport upon his arrival in the United States. Although Lin

did not concede the charge that he was removable under INA § 212(a)(6), he conceded removability on the charge that he was not in possession of valid travel documents under INA § 212(a)(7)(A)(i)(I). In any event, Lin attended an individual merits hearing in which he provided testimony and documentary evidence regarding his claim while represented by counsel. The record reflects that while Lin had ample opportunity to dispute the fraud charge, he failed to do so in any meaningful way. His contention that the IJ deprived him of due process with respect to that claim is therefore without merit. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006) (citing *Capric v. Ashcroft,* 355 F.3d 1075, 1087 (7th Cir.2004) ("Due process requires that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard.")).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.